Pinola, Appellant, v. Davis.

218

Argued March 9, 1932.

Be-fore Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Nathan Hyman,* and with him *Frank L. Pinola,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY CUNNINGHAM, J., July 14, 1932:

This appeal is by the plaintiff, a resident and taxpayer of the Borough of Kingston, Luzerne County, from a judgment entered in the court below upon a case stated between him and the tax collector of the borough. The parties disagreed over the question whether plaintiff, under the facts agreed upon, was entitled to a reduction of five per centum from the amount of the borough tax assessed against him for the year 1930. The question involved is thus stated by counsel for appellant: "Does the period of 'ninety days from the date of notice' (Section 1308, Borough Code, of May 4, 1927, P. L. 519) within which a taxpayer is allowed an abatement of five per cent. for payment of taxes, begin with the posting of the notices or from the date of mailing the itemized statement?"

The applicable sections of the code requiring consideration are these: "Section 1306: (p. 581) Notice of Issue of Tax Duplicate—Where any duplicate of taxes assessed is issued and directed to the collector of taxes, he shall give public notice, as soon thereafter as conveniently can be done, by at least ten written or printed notices to be posted in as many public places in dif-

ferent parts of the borough. Such notice shall state that the tax duplicate has been issued and delivered to him.

"Section 1307: Notices to Taxables—Each tax collector shall, within thirty days after receiving the tax duplicate, notify each taxable whose name shall appear on said duplicate. Such notice shall contain the rate of taxation, the valuation of the property of such taxable, the occupation of such taxable, the full amount of taxes for which said taxable shall be liable for the current year. Such notice shall further state that such taxes are payable, shall designate a place and time when they shall be paid, and shall further state the time within which an abatement of the tax will be allowed, when the full amount of tax will be collected, and when an additional percentage will be added as a penalty. Such notice shall be mailed to the last known postoffice address of each of said taxables. ......

"Section 1308: Abatements and Penalties—All persons who shall, within ninety days from the date of notice, make payment of any taxes charged against them in the duplicate, shall be entitled to a reduction of five per centum from the amount thereof. ......"

On July 21, 1930, the duplicate was issued to defendant who then posted the ten printed notices required by section 1306; by them taxpayers were notified, inter alia, that the duplicate had been issued; that all persons who should "within ninety days from the date of notice" make payment of any taxes charged against them would be entitled to a reduction of five per centum from the amount thereof; and that the collector would be at a designated place on specified days "of each of the last two weeks of the said ninety days ...... when and where [taxpayers] are required to appear and pay [their] taxes."

On August 11, 1930, the defendant mailed to the last known postoffice address of each taxable whose name appeared on the duplicate, including plaintiff,

the notice required by section 1307 of the code. In compliance with the direction that the mailed notices shall "state the time within which an abatement of the tax will be allowed," defendant specified October 18, 1930, as the last date upon which it could be secured.

On October 23, 1930—more than ninety days after the posting of the general notices under section 1306 but within ninety days subsequent to the mailing of the individual notices under section 1307—plaintiff tendered payment of the tax, less the discount, claiming that such tender was within ninety days from "the date of notice" contemplated by section 1308.

Defendant contended "the date of notice" intended by section 1308 was the date of posting the general notices under section 1306 and that the ninety day period had therefore expired five days prior to the tender. The parties then agreed upon a case stated, in which they stipulated, substantially, that if the court should be of opinion that the ninety day period began to run with the mailing of the individual notice, under section 1307, then judgment to be entered in favor of the plaintiff as to the five per cent. abatement, but if from the posting of the general notices, under section 1306, then for the defendant, the costs to follow the judgment and either party to have the right to appeal to this court.

After argument before the court below, in banc, judgment was entered for the defendant and supported by an opinion by VALENTINE, J. It was therein correctly stated that the notice directed by section 1306 of the code to be posted is the notice formerly required by section 7 of the Act of June 25, 1885, P. L. 187, as amended by the Act of May 1, 1909, P. L. 305; and that the notice directed by section 1307 of the code to be mailed is the notice theretofore required by the Act of May 5, 1911, P. L. 170. Clearly, the "date of notice" from which the ninety day period began to

run under the Act of 1885, as amended by the Act of 1909, supra, was the date of the posting of the notices that the duplicate had been issued and received. These prior acts were expressly repealed by the Borough Code and the controlling question is whether the legislature intended, by its enactment, to make a radical departure from the plain provisions of then existing laws.

Upon this question we adopt the following excerpt from the opinion of the court below: ''The legislative intent is to be determined from a consideration of the subject matter, the occasion and necessity for the law, and the causes which induced its enactment. The provisions of the code under consideration were intended as a substitute for existing laws. The provisions of the former statutes were codified and re-enacted and we are unable to conclude that by so doing, the legislature intended to change the substance of the law in any material respect. 'When a statute under consideration is a general revision, the law, as therein written, will be deemed to be the same as it stood prior to the revision, unless the courts find from the statute itself, or its history, a clear intention to change it': Miles' Estate, 272 Pa. 329. (Syllabus). To adopt plaintiff's contention would, to some extent at least be unreasonable and absurd, in that to adopt it would prevent uniformity as to the period within which a discount on borough taxes would be allowed. This result should not be reached, if by a reasonable construction of the provisions of the code, it can be avoided.''

We think the opinion of the court below adequately sustains its conclusion.

Judgment affirmed.